SERRING P. DUNHAM and JOHN MAXWELL

v.

HENRY K. RAMSEY et al.

On a bill to set aside as fraudulent a mortgage given to indemnify the mort-
gagee against his liability as endorser on certain promissory notes—*Held,* that
the holders of the notes are necessary parties.

Creditor's bill.   On general demurrer.

*Mr. A. A. Clark,* for demurrants.

*Mr. John Schomp,* for complainants.

THE CHANCELLOR.

The bill is filed by two of the creditors of Henry K. Ramsey
to obtain, with other relief, a decree setting aside as fraudulent
and a sham, a mortgage given by him upon his hotel property in
Bound Brook to his father, Joseph Ramsey.   The mortgage con-
tains a proviso for the payment to the mortgagee of $7,500, or
to indemnify him against his liability as endorser upon certain
promissory notes, amounting, in the aggregate, to that sum, of
which $4,500 are in the Somerset County Bank "under dis-
count;" $900 in the Plainfield Bank; $1,000 held by Abraham
Van Doren, and $800 by Henry Van Doren.

The defendants to the suit are Henry K. and Joseph Ramsey,
Alvah A. Clark and George H. Large, assignee of Joseph Ram-
sey.   The demurrer brings up the question whether the holders
of the notes mentioned in the mortgage, the two banks and the
Van Dorens, are not necessary parties.   Where an individual is
in the actual enjoyment of the subject-matter of the suit, or has
an interest in it, either in possession or expectancy, which is liable
to be defeated or diminished by the complainant's claim, he has
an immediate interest in resisting the demand, and is a necessary

party to the suit. *1 Dan. Ch. Pr. 246.* As a general rule, where a surety, or a person standing in the situation of a surety for the payment of a debt, receives a security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security, and it makes no difference that the principal creditor did not act upon the credit of such security in the first instance, or even know of its existence, and the right of the creditor is the same, where the security is a lien given after the principal and surety have both become bound, even though there may have been no previous agreement that indemnity should be given. *Brandt on Surety-ship* § 282. In this case, as before stated, the complainants attack and seek to annul the mortgage. It appears by the statements of the bill that the Ramseys are both insolvent. The holders of the notes are in equity entitled to the benefit of the mortgage—to the benefit of the lien which it creates upon the mortgaged premises—for the payment of their debts. They therefore obviously have a direct and immediate interest in the subject-matter of the suit, so far as the mortgage is concerned. They are interested in maintaining the validity of the lien. They therefore are necessary parties. The demurrer will be allowed.